PER CURIAM:
The claimants brought this action for damage to their 1996 Dodge Avenger, which occurred when the vehicle encountered a number of holes and broken pavement on US Route 19 in Braxton County.
*138 The incident giving rise to this claim occurred on December 19, 1997, at approximately 8:30 p.m. The claimants and their daughter were proceeding southbound on US Route 19, approximately four miles below the Sutton exit. Mr. Aeree was driving. The weather was rainy. Route 19 in this area is a two-lane, high priority road. The evidence adduced at hearing established that the claimant’s vehicle encountered a number of holes and broken pavement in the southbound lane. The claimant’s vehicle sustained damage to two wheels and tires on the driver’s side. The claimants alleged that their repair costs were in the approximate amount of $968.96. They submitted into evidence a repair bill in the amount of $968.96, of which they paid $654.69.
The claimant’s insurance deductible was $500.00, but for reasons not relevant to this decision, the claimant’s insurance carrier apparently did not cover all the remaining costs.
The claimants introduced into evidence a number of photographs depicting a large section of broken pavement in the southbound lane of Route 19. At the time of this accident, US Route 19 was under construction from just north of Summersville to Interstate 79. The contractor was Geupel Construction Company. Under the provisions of this contract, the contractor was obligated to hold the respondent harmless for property damage claims occurring during the course of construction activities. The respondent had received a number of complaints about poor road conditions and engaged in road patching work as late as three days prior to the claimants’ accident. During the course of the contract, the respondent regularly referred complaints about the road conditions to the contractor, and eventually stopped performing road repairs as these were obligations of the contractor.
This Court has previously held that the respondent cannot be held liable for the negligence, if any, of an independent contractor. Paul vs. Dept. of Highways, 14 Ct. Cl. 479 (1983); Harper vs. Dept. of Highways, 13 Ct. Cl. 274 (1980); Safeco vs. Dept. of Highways, 9 Ct. CL. 28 (1971). The underlying foundation of these cases is the custom and practice whereby independent contractors routinely agree to hold harmless or to indemnify the respondent State agency for claims arising during the course of, and resulting from, the performance of the contract. However, the Court has also held that the respondent does have a duty to take reasonable steps to ensure that its independent contractors complete their work in such a manner that travelers will not be put in a position of unreasonable danger. Tolley vs. Division of Highways, (CC-96-342), unpublished opinion issued August 4, 1997. The evidence clearly establishes that the respondent knew, or had reason to know, that Route 19 in this area was in a state of disrepair during construction activities. Therefore, in view of the foregoing, the Court does hereby make an award in the amount of $500.00.
Award of $500.00.